IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTINA C. SEIDNER, JARED** | § | |
| **MACKRORY, Individually, and as** | § | |
| **representatives of a Class of Participants** | § | |
| **and Beneficiaries of the Kimberly-Clark** | § | |
| **Corporation 401(k) & Profit Sharing Plan,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. **3:21-CV-867-L** |
| | § | |
| **KIMBERLY-CLARK CORPORATION;** | § | |
| **BOARD OF DIRECTORS OF** | § | |
| **KIMBERLY-CLARK CORPORATION;** | § | |
| **BENEFITS ADMINISTRATION** | § | |
| **COMMITTEE OF KIMBERLY-CLARK** | § | |
| **CORPORATION; and JOHN DOES 1-30,** | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Defendants' Motion to Dismiss the Class Action Complaint ("Motion") (Doc. 13), filed July 2, 2021. For the reasons herein explained, the Motion is **denied without prejudice**, and the court will allow Plaintiffs to amend their pleadings.

## I.  **Factual and Procedural Background**

On April 14, 2021, Plaintiffs Christina C. Seindner and Jared Mackrory, individually and as representatives of a Class of Participants and Beneficiaries on behalf of the Kimberly Clark Corporation 401(k) and Profit Sharing Plan (the "Plan"), brought this action against Kimberly-Clark Corporation ("Kimberly-Clark"), its Board of Directors, its Benefits Administration Committee, and unidentified individual John Does 1-30 (collectively, "Defendants"), for alleged breaches of fiduciary duty in administering the Plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*  Plaintiffs are former employees of

**Memorandum Opinion and Order – Page 1**

Kimberly-Clark who participated in the Plan.  They allege that Defendants violated ERISA by: (1) breaching their duties of loyalty and prudence; and (2) failing to adequately monitor other fiduciaries.  At the heart of Plaintiffs' claims is their contention that the Plan paid third-party service providers "unreasonable and excessive fees" for various administrative services.  Pls' Resp. 1 (Doc. 17).

On July 2, 2021, Defendants moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all claims asserted by Plaintiffs for failure to state claims upon which relief can be granted, contending that the allegations in Plaintiffs' Complaint are insufficient to support claims for fiduciary breaches of the duty of prudence, loyalty, and monitoring.  Defendants assert that Plaintiffs' allegations with respect to the individual "Doe" Defendants are particularly lacking, and there is no body of Texas law that allows a Board of Directors to be sued as an entity independent of the corporation it serves.  In addition, Defendants contend that Plaintiffs lack Article III standing to assert any claims based on the theory of revenue sharing fee arrangements and, therefore, move to dismiss any such claims pursuant to Federal Rule of Civil Procedure 12(b)(1).  After Plaintiffs responded to Defendants' Motion, Defendants further contend in their reply brief that Plaintiffs abandoned the following claims for failure in their response to adequately address them or all dispositive issues pertaining to these claims that were raised in Defendants' Motion: (1) fiduciary duty of loyalty claim, *see* Defs.' Reply (citing Pl.'s Resp. 5 n.3); and (2) claims against the Board of Directors, *see* Defs.' Reply 10; and (3) and any claims based on the theory of revenue sharing fee arrangements, *see id*.

## II.     Rule 12(b)(6) Legal Standard

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the

plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).  In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).  Further, it is well-established and '"clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'"  *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011)  (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a

plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.   Discussion

After carefully reviewing Plaintiffs' Complaint and the parties' submissions, the court agrees, for essentially the reasons stated in Defendants' Motion and supporting briefs, that: (1) Plaintiffs' claims for fiduciary breaches of the duty of prudence, loyalty, and  monitoring are not sufficiently pleaded for purposes of Rule 12(b)(6); and (2) the allegations in Plaintiffs' Complaint are also insufficient to establish that they have Article III standing to pursue any claim that Defendants breached their fiduciary duties by permitting the Plan's recordkeepers to recoup fees in whole or in part through revenue sharing.   Further, Plaintiffs' contention—that certain deficiencies may be resolved through discovery and that such issues are, therefore, not appropriate for a motion to dismiss—is not a valid basis for defeating Defendants' Motion under Rules 12(b)(6) or 12(b)(1). On the other hand, the law as to whether the Board of Directors can be sued as a legal entity was not sufficiently briefed by either party. Likewise, Plaintiffs' one-sentence conclusory response in a footnote regarding its duty of loyalty claim was woefully deficient, conclusory, and unhelpful. Whether such a response amounted to an abandonment of their duty of loyalty claim is a close call.  Because Plaintiffs have not previously amended their pleadings, and it is unclear at this juncture whether amendment would be futile or unnecessarily delay the resolution of this action, the court will deny without prejudice Defendants' Motion and allow Plaintiffs to amend their pleadings.

**IV.      Conclusion**

For the reasons explained, the court **denies without prejudice** Defendants' Motion (Doc.

13) and **directs** Plaintiffs to file an amended complaint by **April 22, 2022**.  *Failure to do so will*

*result in dismissal of this action with prejudice under Rule 12(b)(6), without prejudice under Rule*

*12(b)(1), or both.*

**It is so ordered** this 23rd day of March, 2022.

Sam A. Lindsay
United States District Judge