IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHRISTINA C. SEIDNER and JARED MACKRORY,** Individually, and as representatives of a Class of Participants and Beneficiaries of the Kimberly-Clark Corporation 401(k) & Profit Sharing Plan,<br><br>Plaintiffs,<br><br>v.<br><br>**KIMBERLY-CLARK CORPORATION and BENEFITS ADMINISTRATION COMMITTEE OF KIMBERLY-CLARK CORPORATION,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. **3:21-CV-867-L** |

## ORDER

Before the court is the parties' Agreed Motion for Entry of Briefing Schedule as to Plaintiffs' Motion for Class Certification ("Motion") (Doc. 82), filed January 30, 2024. For the reasons herein explained, the court **denies** the Motion (Doc. 82).

This action was filed by Plaintiffs on April 15, 2021, and soon will have been pending three years. Local Civil Rule 23.2 provides that motions for class certification must be filed within 90 days of filing a class action complaint, "or at such other time as the presiding judge by order directs." As the court has not previously set a deadline for Plaintiffs to file a motion for class certification, the 90-day deadline in Local Rule 23.2 applies. *No motion for class certification, however, has been filed by Plaintiffs to date, even though the title of the parties' Motion suggests otherwise.*

When class certification is not timely sought, the plaintiff may be precluded from seeking it. *See Super Future Equities, Inc. v. Wells Fargo Bank Minnesota, N.A.*, No. 3:06-CV-0271-B,

**Order – Page 1**

2006 WL 8437810, at *1 (N.D. Tex. Aug. 28, 2006) (striking class allegations when the plaintiff provided no justifiable reason for waiting over six months after suing to move for class certification in accordance with Local Rule 23.2); *Harper v. American Airlines, Inc.*, No. 4:09-CV-318-Y, 2009 WL 4858050, at *4 (N.D. Tex. Dec. 16, 2009) (denying class certification motion as untimely under Local Rule 23.2 in light of the length of the ten-month delay in filing the motion and other circumstances); *Price v. United Guar. Residential Ins.*, No. 3:03-CV-2643-G, 2005 WL 265164, at *3 (N.D. Tex. Feb. 2, 2005) (collecting cases).[1]

Plaintiffs have not attempted to show good cause or excusable neglect for their failure to file a motion for certification within 90 days of filing their Complaint. While the current Motion and proposed class certification briefing schedule is agreed to by the parties, and the parties may have even had a prior understanding in this regard, the deadline at issue is imposed by Local Rule 23.2 and cannot be altered by the parties absent the court's consent.[2] Further, Plaintiffs have not requested to extend their deadline under Local Rule 23.2 to file a motion for class certification, and there is no mention of Local Rule 23.2's deadline in the Motion. The Motion instead merely proposes a briefing schedule for a yet-to-be filed class certification motion that deviates from deadlines in Local Civil Rule 7.1 applicable to general motion practice for filing motions, responses, and replies.

---

[1] Among other cases, *Super Future Equities, Incorporated* cites *Walton v. Eaton Corporation*, 563 F.2d 66, 74-75 & n.11 (3rd Cir. 1977), in which the Third Circuit concluded that the district court did not abuse its discretion in denying a motion for class certification filed more than 21 months after the action was initiated and long after the 90-day deadline in the district's local civil rules for filing a class certification motion.

[2] The Joint Status Report (Doc. 49) submitted by the parties on May 19, 2023, proposes that Plaintiffs' class certification motion be due before or on August 31, 2023. This proposed deadline, however, was not incorporated into any order by the court and, therefore, did not relieve Plaintiffs from complying with Local Rule 23.2. The current Motion also offers no explanation of why Plaintiffs delayed for quite some time beyond this earlier proposed date.

**Order – Page 2**

Specifically, the Motion includes the following proposal for briefing a class certification motion by Plaintiffs:

| Filing or Event | Deadline |
|---|---|
| Plaintiffs' Motion for Class Certification | February 14, 2024 |
| Plaintiffs to make themselves and any declarants on which they rely in the Motion for Class Certification available for deposition on or before | March 15, 2024 |
| Defendants' Opposition to Motion for Class Certification | March 29, 2024 |
| Defendants to make any declarants on which they rely in the Opposition to Motion for Class Certification available for deposition on or before | April 12, 20[2]4 |
| Plaintiffs' Reply in Support of Motion for Class Certification | April 26, 2024 |

Mot. ¶ 2. The Motion, however, does not explain why additional time is needed to brief a class certification motion other than to state that additional time is needed because of unspecified "constraints on counsel's upcoming availability." *Id.*

As explained in *Harper v. American Airlines*, courts also consider factors other than timeliness in ruling on late-filed class certification motions:

> Many courts deny late-filed certification motions not simply based on technical non-compliance with a deadline, but on the fact that such non-compliance demonstrates that the putative representative cannot adequately represent the class. *See, e.g., Jones v. Hartford Ins. Co. of Midwest*, 243 F.R.D. 694, 695-97 (N.D. Fla. 2006); *see also* [7AA Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1785.3 & n.4 (3d ed[.] 2009)](collecting cases); *cf. East Tex[.] Motor Freight Sys[.], Inc. v. Rodriguez*, 431 U.S. 395, 405 [] (1977) (concluding that failure to move for class certification constitutes a "failure to protect the interests of class members" and "surely bears strongly on the adequacy of the representation that those class members might expect to receive"). Some courts have denied untimely class-certification motions even when the defendant was not prejudiced by the delay. *See Jones*, 243 F.R.D. at 696 (citing *Walker v. Columbia Univ[.]*, 62 F.R.D. 63, 64 (S.D.N.Y. 1973)).

*Harper*, 2009 WL 4858050, at *3.

Order – Page 3

Here, Plaintiffs have not provided any justification for waiting to move for class certification more than 30 months after the 90-day deadline, which expired in July 2021. Moreover, it has been approximately twenty-two months since the court denied Defendants' first motion to dismiss on March 23, 2022 (Doc. 21), and ten months since Defendants' second motion to dismiss was denied on March 30, 2023 (Doc. 41). Although both motions to dismiss were accompanied by *extensive* briefing, the court sees no reason why this or the timing of the ruling on these motions or Defendants' decision to seek leave to file an interlocutory appeal affected Plaintiffs' ability to timely move for class certification or seek an extension before expiration of their deadline to do so. None of these motions involved class certification issues. If Plaintiffs were uncertain when to move for class certification in the absence of a court order, they could have and should have sought clarification or an extension from the court early on, but they failed to do so.

Additionally, the court disagrees with the assertion in the Motion that—because there is currently no trial date or other deadlines in the case, the proposed class certification briefing schedule will not unduly delay the proceedings in this case. As of April 15, 2024, this action will have been pending three years and thus will soon be considered "old" for federal district court statistical purposes. Thus, the proposed extended briefing schedule and the time it takes the court to resolve class certification issues raised by the parties at this late juncture will unnecessarily further delay the proceedings in this case.

While submitted as an "Agreed Motion," the court also determines that Defendants will be prejudiced if this action continues to "drag on" without a resolution in the foreseeable future because, at some point, justice delayed is justice denied. The same is true for the purported class, which makes Plaintiffs' unexplained delay in seeking class certification and complying with applicable Local Rule 23.2 even more troubling, particularly considering the parties'

acknowledgement that they have not been constrained in their efforts to date to conduct discovery or engage in motion practice, except for the unspecified constraints on their counsel's "upcoming availability." *See East Tex. Motor Freight Sys., Inc.*, 431 U.S. at 405.  Thus, for these reasons, and given the plain language of Local Rule 23.2, the extent of the unexplained delay, and the length of time this action has been pending, the court would not be inclined at this late juncture to grant Plaintiffs an extension of time to file a motion for class certification, even if one had been requested, because, at some point, this litigation must come to an end.

Accordingly, the court **denies** the Motion (Doc. 82) and request for a class certification briefing schedule and will, instead, enter a standard scheduling order by separate order that will govern the proceedings in this case moving forward.  To the extent the Motion was intended to serve as a request to revive and extend Plaintiffs' deadline under Local Rule 23.2 for filing a motion for class certification, that request is also **denied** for the reasons discussed.  Further, the court **strikes** all class allegations in Plaintiffs' Amended Complaint (Doc. 22), filed April 21, 2022, and, in the future filings, the caption of this action **shall not** include any reference to a class action, representatives, or participants.

**It is so ordered** this 31st day of January, 2024.

Sam A. Lindsay
United States District Judge